Case No. 18-10287

# The United States Court of Appeals

# for the Ninth Circuit

| | |
|---|---|
| United States of America<br><br>   Plaintiff-Appellant,<br><br>vs.<br><br>Cliven D. Bundy,<br><br>Ryan C. Bundy,<br><br>Ammon E. Bundy, and<br><br>Ryan W. Payne,<br><br>   Defendants-Appellees, | D.C. No. 2:16-cr-00046-GMN<br><br>District of Nevada, Las Vegas |

**Appellee Ryan W. Payne's Motion to Dismiss for
Lack of Appellate Jurisdiction Given the Government's
Untimely Notice of Appeal**

Appellee Ryan W. Payne, through undersigned counsel, moves this Court for an order dismissing this appeal because the government failed to timely file a notice of appeal of the district court's order and judgment dismissing the superseding indictment.

## I. The government filed its notice of appeal almost eight months after the district court dismissed the superseding indictment.

On January 8, 2018, the district court dismissed the superseding indictment filed against Appellees Ryan W. Payne, Ryan C. Bundy, Ammon E. Bundy, and Cliven D. Bundy. Dist. Ct. Dkt. ##3116, 3117.

Thirty days later, on February 7, 2018, the government filed a motion to reconsider the dismissal order. Dist. Ct. Dkt. #3175. The district court denied the motion to reconsider on July 3, 2018. Dist. Ct. Dkt. #3273.

Thirty days after the denial of the motion for reconsideration, on August 2, 2018, the government filed a "protective" notice of appeal to this Court. Dist. Ct. Dkt. #3306. Payne moves for dismissal of the government's appeal due to lack of appellate jurisdiction because the notice of appeal was not filed timely.

## II. The United States Code and Federal Rules of Appellate Procedure require the government to file its notice of appeal within 30 days from the date of the dismissal.

The Supreme Court has "long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature." *Bowles v. Russell*, 551 U.S. 205, 206 (2007); *see Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) ("[T]he taking of an appeal within the

2

prescribed time is mandatory and jurisdictional, *see* Fed. Rules App. Proc. 2, 3(a), 4(a)(1), 26(b). . . ."). When the government appeals the dismissal of an indictment, Congress directs that its appeal "shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted." 18 U.S.C. § 3731.

Section 3731 is the exclusive source of appellate jurisdiction to review an order dismissing an indictment. From the time of the Act of 1891, which created the circuit courts of appeals, the Supreme Court held that the Act did not authorize appeals by the United States of judgments in favor of criminal defendants. *See United States v. Sanges*, 144 U.S. 310, 323 (1892) (discussed in 15B Charles Alan Wright et al., Federal Practice and Procedure § 3919.1, at 598-99 (2d ed. 1992) ("Wright & Miller")). Accordingly, the government had no right of appeal in a criminal case unless expressly authorized by statute. 15B Wright & Miller § 3919.1, at 599 (citing *Sanges*). Section 3731, enacted in 1907, provides that authorization, *id.* at 600, and remains the exclusive statutory authority for government appeals from dismissals of indictments. *See generally id.* § 3919.6.

Tracking § 3731, Federal Rule of Appellate Procedure 4 requires the government to file a notice of appeal within 30 days of the later of "the entry of the judgment or order being appealed" or "the filing of a notice of appeal by any defendant." Fed. R. App. P. 4(b)(1)(B).

### III. Federal Rule of Appellate Procedure Rule 4(b)(1)(B) provides no applicable exceptions to the 30-day deadline to file a notice of appeal.

Rule 4 codifies the deadlines for filing a notice of appeal. *Before* Rule 4 existed, the Supreme Court created a judicial rule to allow the government to file a single notice of appeal after the denial of a timely-filed motion to reconsider. In *United States v. Healy*, the Supreme Court held, "in a criminal case a timely petition for rehearing[1] by the Government filed within the permissible time for appeal renders the judgment not final for purposes of appeal until the court disposes of the petition." 376 U.S. 75, 77-78 (1964). Thus, "in such circumstances the 30-day period prescribed by [then Supreme Court] Rule 11(2) begins to

---

[1]A petition for rehearing is similar to a motion to reconsider as long as its "purpose and effect is to ask the district court to reconsider [a] question decided in the case in order to effect an alteration of the rights adjudicated." *United States v. Lefler*, 880 F.2d 233, 234 (9th Cir. 1989) (cleaned up).

run from the date of entry of judgment or the denial of the petition for rehearing." *Id.* at 78.

*Healy*'s holding was based in part on the then-existing "well-established" civil practice that allowed parties in civil litigation to timely move for reconsideration or rehearing and then file a notice of appeal within 30 days of a denial of reconsideration. 376 U.S. at 78. The Court extended the "traditional and virtually unquestioned practice" to criminal cases, holding "criminal judgments are nonfinal for purposes of appeal so long as timely rehearing petitions are pending." *Id.* at 78; *see also United States v. Dieter*, 429 U.S. 6, 8 (1976) (relying on *Healy* and recognizing "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for as long as the petition is pending"); *United States v. Ibarra*, 502 U.S. 1, 6 (1991) (explaining *Healy* and *Dieter* "established that a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing").

5

*Healy* also relied on the since-amended text in the Supreme Court's rules to hold the government's notice of appeal was timely if filed within 30 days of a denial of a timely-filed motion for reconsideration. *Healy* rejected the appellees' "reliance on the absence of any statute or rule governing the effect of rehearing petitions of the Government." 376 U.S. at 79. Instead, the Court held that then-existing Supreme Court Rule 11(2) was "virtually identical" to then-existing Supreme Court Rule 22(2), "which encompasse[d] petitions for certiorari both by criminal defendants and the government." 376 U.S. at 79. Thus, the Court reasoned that the "inference is compelling that no difference in treatment is intended between appealable judgments and those reviewable by certiorari, or between criminal defendants and the United States. We are constrained to read these rules as consistent with a traditional and virtually unquestioned practice." *Id.* at 79.

This is no longer the case.

In 1988, Congress passed the Rules Enabling Act, 28 U.S.C. § 2072. The Rules Enabling Act granted the Supreme Court "the power to prescribe general rules of practice and procedure and rules of

6

evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals." 28 U.S.C. § 2072(a). It also mandated that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "In enacting § 2072(b), . . . Congress expressly provided that laws inconsistent with the procedural rules promulgated by this Court would automatically be repealed upon the enactment of new rules in order to create a uniform system of rules for Article III courts." *Clinton v. City of New York*, 524 U.S. 417, 446 n.40 (1998). Indeed, the Supreme Court has held that the criminal procedural rules, also promulgated under the Rules Enabling Act, are "in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions." *In re Pangang Grp. Co.*, 901 F.3d 1046, 1055 (9th Cir. 2018) (quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988)).

In 1967, after recognizing in *Healy* the common-law rule allowing for a motion to reconsider in criminal cases to extend the notice of

7

appeal time frame, the Supreme Court enacted Rule 4. *See* Fed. R. App. P. 4 (1967). Rule 4 had been amended over the years to add to the limited type of motions that can render an otherwise final judgment or order not final, for purposes of triggering the period to appeal. *See, e.g.*, Fed. R. Crim. P. 4(b) (1967) (stating that for criminal defendants "a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion"); Fed. R. Crim. P. 4(b) (1993) (adding a timely motion "for judgment of acquittal" to the types of motions a criminal defendant can file to toll the appellate time period). In all its versions, however—and contrary to the 1964 Supreme Court Rules—Rule 4 has never authorized the government to toll the time for filing a notice of appeal of a district court's decision to dismiss an indictment by filing a motion to reconsider.

Rule 4 currently specifies in criminal cases that "[w]hen the government is entitled to appeal, its notice of appeal must be filed . . . within 30 days after the later of: (i) the entry of the judgment or order being appealed; or (ii) the filing of a notice of appeal by any defendant."

8

Fed. R App. P. 4(b)(1)(B).[2] The rule also makes clear the types of motions that render a judgment or order non-final for purposes of filing a notice of appeal in criminal cases. Under Fed. R. App. P. 4(b)(3)(A),

> If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 14 days after the entry of the order disposing of the last such remaining motion, or within 14 days after the entry of the judgment of conviction, whichever period ends later.

The permissible motions are a judgment of acquittal under Rule 29, a timely motion for new trial under Rule 33 if based on newly discovery evidence, and an arrest of judgment under Rule 34. *Id.* at 4(b)(3)(A)(i)-(iii). These motions do *not* include a motion for reconsideration of a final judgment or order. *Id.* In fact, Rule 4 does not even contemplate

---

[2] Up until 1991, Rule 4 stated: "When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(b) (1979). In 1992, the rule was amended to state "When an appeal by the government is authorized by statute, the notice of appeal shall be filed in the district court within 30 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by any defendant." Fed. R. App. P. 4(b) (1992). In 1998, the Rule was amended to its current form concerning the government's appellate rights. Fed. R. App. P. 4(b)(1)(B) (1998).

9

such motions may be made by the government, indicating such filings may be made only by a criminal "defendant."

The commentary to the 2003 amendments to Rule 4 demonstrates this motion list was intentionally promulgated and is exclusive:

> Rule 4(b)(5) has been amended to eliminate the inconsistency concerning the effect of a motion to correct a sentence on the time for filing a notice of appeal. The amended rule makes clear that the time to appeal continues to run, even if a motion to correct a sentence is filed. The amendment is consistent with Rule 4(b)(3)(A), which lists the motions that toll the time to appeal, and notably omits any mention of a Fed. R. Crim. P. 35 (a) motion. The amendment also should promote certainty and minimize the likelihood of confusion concerning the time to appeal a judgment of conviction.

Fed. R. App. P. 4, Commentary to 2003 Amendments.[3] Advisory Committee's Notes on a federal rule of procedure "provide a reliable source of insight into the meaning of a rule" because they "are adopted by the committee that drafts the rule; they are considered by the Judicial Conference when it recommends promulgation of the rule; they

---

[3] Rule 4 does allow a party to seek an extension of time for filing a notice of appeal. Fed. R App. P. 4(b)(4). The government did not seek an extension in the current case.

are before this Court when we prescribe the rule under the Rules Enabling Act, 28 U.S.C. § 2072; and they are submitted to Congress together with the text of the rule under 28 U.S.C. § 2074." *Class v. United States*, 138 S. Ct. 798, 809 & n.2 (2018).

In contrast, in civil cases, Rule 4 permits the filing of a motion to reconsider the merits of a final judgment or order (otherwise known as a motion to alter or amend a judgment[4]) under Federal Rule of Criminal Procedure 59(e). Fed. R. App. P. 4(a)(4)(A)(iv). The filing of a motion to reconsider in a civil case has the ability to toll the time to file a notice of appeal until the motion to reconsider is decided. *Id.* This is only true, however, if the motion to reconsider is filed "within the time allowed by [the rules that govern the motion]." Fed. R. App. P. 4(a)(4)(A). The Federal Rules of Civil Procedure state a motion to reconsider an order disposing of a case must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, to permit tolling of the

---

[4] *See United States v. Martin*, 226 F.3d 1042, 1047 (9th Cir. 2000) ("[E]ven though Rule 59(e) refers to a motion to alter a 'judgment', it makes sense to conclude that a motion for reconsideration of an order finally resolving a [28 U.S.C.] § 2255 petition must meet the time limits set in Rule 59(e).").

11

notice of appeal, Rule 4 permits the filing of a motion to reconsider in a civil case within 28 days of the final judgment or order resolving the case. There is no counterpart to this rule in criminal cases.

Per the Rules Enabling Act, Rule 4 displaced the traditional, common law that applied when the 1964 Supreme Court Rules: (1) did not address whether a motion to reconsider in a criminal matter tolled the time to file an appeal; and (2) otherwise indicated the same general rules on the matter should be applied to both civil and criminal parties. *See Henderson v. United States*, 517 U.S. 654, 672 (1996) (holding that Federal Rule of Civil Procedure 4 displaced the service of process rules in a federal statute); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (holding the same). Rule 4 plainly does not allow motions to reconsider in criminal matters to affect the time for filing a notice of appeal for either party.

The Supreme Court has recognized that, as it pertains to statutory limits on appellate jurisdiction, courts cannot create exceptions to the time limits for filing a notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 208 (2007). In *Bowles*, the Supreme Court held a district court could not extend a party's time for filing an appeal beyond

the statutorily prescribed period. *Id.* at 206. The Court reasoned that, "[l]ike the initial 30–day period for filing a notice of appeal, the limit on how long a district court may reopen that period is set forth in a statute." *Id.* at 213. The filing period is a jurisdictional limit, the Court continued, and "this Court has no authority to create equitable exceptions to jurisdictional requirements." *Id.* at 214.

The Fifth Circuit has recognized there "is a certain friction between *Healy*'s a [sic] textual recognition that a motion to reconsider renders a judgment not final and *Bowles*'s elimination of judge-made exceptions to statutory filing periods." *United States v. Rainey*, 757 F.3d 234, 239 (5th Cir. 2014). Though the Fifth Circuit ultimately concluded *Healy* is distinguishable from *Bowles* "because it does not extend the statutory prescribed filing period, but delineates when the thirty-day period begins to run," the defendant there did not argue that, under the Rules Enabling Act, Rule 4 displaced the general common law relied upon in *Healy*. *See* Defendant-Appellee David Rainey's Motion to Dismiss the Government's Interlocutory Appeal as untimely and Moot, Case No. 13-30770 (5th Cir. Aug. 5, 2013); Brief of Appellee David Rainey, Case No. 13-30770, at 16-18 (5th Cir. Jan. 6, 2014).

13

This Court has not addressed, in light of the Rules Enabling Act, Rule 4 and *Bowles*'s combined effect on the validity of *Healy* and its progeny in a criminal case. The most recent decision from this Court to rely on the common-law reconsideration rule in *Healy* predates *Bowles*, and does not address the Rules Enabling Act or Rule 4's plain language. *See United States v. Belgarde*, 300 F.3d 1177, 1180 (9th Cir. 2002); *see also United States v. Espinoza-Baza*, 647 F.3d 1182, 1191 (9th Cir. 2011) ("Under our precedent, a previous decision does not bind a subsequent panel with respect to matters that were not considered or addressed in the prior case.").

This Court holds that while it may be inequitable for a party to rely on precedent allowing a longer period to file a notice of appeal to their detriment, "the Supreme Court has instructed us that concerns of equity must give way before the 'rigorous rules' of statutory jurisdiction." *U.S. ex rel. Haight v. Catholic Healthcare W.*, 602 F.3d 949, 953 (9th Cir. 2010). Indeed, the Supreme Court has specifically instructed that courts must "decide the jurisdictional question before it irrespective of the possibility of harsh consequences." *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 937 n.4 (2009).

Rule 4 and *Bowles*, taken together with the Rules Enabling Act, displaced the Supreme Court's holding in *Healy* and subsequent cases relying on *Healy*. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011) (recognizing an amendment to the Federal Rules of Civil Procedure abrogated this Court's prior case law interpreting the rule). Accordingly, the government had only 30 days to file its notice of appeal after the district court granted Appellees' motion to dismiss the superseding indictment with prejudice. Fed. R. App. P. 4 (b)(1)(B); 18 U.S.C. § 3731. Therefore, its notice of appeal was untimely.

## IV. Conclusion

The government did not file its notice of appeal within 30 days of the district court's January 8, 2018 order dismissing the superseding indictment. Rather, the government filed a motion to reconsider thirty days later, on February 7, 2018. Dist. Ct. Dkt. #3175. The government's August 2, 2018, protective notice of appeal was well beyond the thirty-day time period to file its notice of appeal under Rule 4(B)(1)(B)(i) and was therefore untimely. Dist. Ct. Dkt. #3306. Payne requests this Court dismiss the government's untimely appeal for lack of appellate jurisdiction.

## V. Certificate of Compliance

This Motion does not exceed 20 pages. Circuit Rule 27-1(1)(d).

Dated: August 21, 2019.

                    Respectfully submitted,

                    RENE VALLADARES
                    Federal Public Defender

                    *s/Amy B. Cleary*
                    Amy B. Cleary
                    Assistant Federal Public Defender

                    *s/Cristen C. Thayer*
                    Cristen C. Thayer
                    Assistant Federal Public Defender

                    *s/Ellesse Henderson*
                    Ellesse Henderson
                    Assistant Federal Public Defender

                    Counsel for Appellee Ryan W. Payne

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 18-10287

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Ryan W. Payne

**Description of Document(s)** *(required for all documents)*:

Appellee Ryan W. Payne's Motion to Dismiss for Lack of Appellate Jurisdiction Given the Government's Untimely Notice of Appeal

**Signature** | /s/ Amy B. Cleary       **Date** | 8/21/2019

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 15**                                                                 *Rev. 12/01/2018*